In the Matter of MORRISON–BARN-
HART MOTORS, Inc., Bankrupt.

No. 70936.

United States District Court
N. D. Ohio, Eastern Division.

June 19, 1956.

Donald D. Wick, Archie M. Marks, Cleveland, Ohio, for the Trustee.

Morris R. Blane, Cleveland, Ohio, for the landlords.

Francis J. Talty, Cleveland, Ohio, for the bankrupt.

WEICK, District Judge.

This case comes before the Court on petitions by the bankrupt's landlord and the Trustee in bankruptcy to review the judgment of the Referee in bankruptcy.

The landlord filed with the Trustee in bankruptcy a claim for $480 for use and occupancy of premises by the Receiver and Trustee during the pendency of the bankruptcy proceedings. The premises had, theretofore, been leased by the landlord to the bankrupt by written instrument of lease.

The Trustee in bankruptcy filed with the Referee written objections to the allowance of such claim and a counterclaim in which he sought to recover from the landlord $3,600 previously deposited by the bankrupt with him as security for the performance of the lease, and $700 profit claimed to have been made by the landlord in selling the leased premises for an amount in excess of the option price stipulated in the lease.

The landlord had re-entered the leased premises on or about January 12, 1954 during the pendency of the bankruptcy proceeding and before the expiration of 60 days from the adjudication, during which time the Trustee in bankruptcy had the right under § 70, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. b, to elect to assume or reject the lease. Also during said 60 day period and without the knowledge or consent of the Trustee in bankruptcy or the Referee, the landlord entered into a contract to sell the leased premises.

The Referee in bankruptcy held that he had jurisdiction and proceeded to enter judgment against the landlord for the return of the deposit plus the profit on the sale less deductions for past due rent and sums due from the Trustee for use and occupancy.

In holding that the Bankruptcy Court had summary jurisdiction to determine the conflicting claims to the deposit, the Referee was clearly right.

The money deposited by the bankrupt with the landlord was property belonging to the bankrupt and subject to administration in the bankruptcy proceeding. The landlord held the bankrupt's money as trustee or pledgee to secure the performance of the provisions of the lease. Glidden v. Mechanics' National Bank, 53 Ohio St. 588, 589, 42 N.E. 995, 43 L.R.A. 737. When the bankrupt's obligations under the lease had been fulfilled, the landlord had a clear duty to return the deposit to the bankrupt.

That the Bankruptcy Court has summary jurisdiction to determine the conflicting claims to money deposited by the bankrupt with his lessor to secure performance of the lease was held in the recent decision of In re Muntz T. V. Inc., 7 Cir., 229 F.2d 228.

The case at bar is strengthened by the fact that the landlord had filed a claim for $408 with the Trustee in bankruptcy. He thereby voluntarily submitted to the jurisdiction of the Bankruptcy Court to determine the validity and amount of his claim which necessarily included any set offs or counterclaims existing in favor of the Trustee in bankruptcy. Floro Realty & Investment Co. v. Steem Electric Corp., 8 Cir., 128 F.2d 338; In re California Eastern Airways, D.C., 95 F. Supp. 348; Florance v. Kresge, 4 Cir., 93 F.2d 784; In re Gillespie Tire Co., D.C., 54 F.Supp. 336. Authorities on this point are collected in certificate filed by Referee Friebolin in the case of Park Electric Co., Bankrupt, No. 66897 this Court.

Coming now to the merits of the case, it is the claim of the landlord that the Trustee in bankruptcy has no interest in the lease because of his failure to assume or reject the lease within a peri-

od of 60 days after the adjudication as provided by § 70, sub. b of the Bankruptcy Act, Title 11 U.S.C.A. § 110, sub. b.

Burns Trading Co. v. Welborn, 10 Cir., 81 F.2d 691, 106 A.L.R. 285, certiorari denied 298 U.S. 672, 56 S.Ct. 936, 80 L. Ed. 1394; In re Northern Indiana Oil Co., 7 Cir., 180 F.2d 669.

Our case is different because here during the 60 day period provided by § 70, sub. b of the Bankruptcy Act, the landlord without the knowledge or consent of the Bankruptcy Court re-entered the leased premises and contracted the sale thereof.

The Trustee was not given an opportunity to assume or reject the lease. In fact he had no knowledge either of the lease or of the sale.

In Suter v. Farmers' Fertilizer Co., 100 Ohio St. 403, at page 411, 126 N.E. 304, at page 306, the Supreme Court held: "Even where the liability depends upon a condition precedent, one cannot avoid his liability by making the performance of the condition precedent impossible, or by preventing it."

■ The re-entry by the landlord operated as a surrender of the lease and the bankrupt was relieved from liability for rent accruing thereafter.

This was held by the Court of Appeals in Lamson Consol. Store Service Co. v. Bowland, 6 Cir., 114 F. 639, where the Court said: "Resumption of possession by the lessor of the thing leased operates as a surrender of the lease, and puts an end to the lessee's liability for future installments of rent, unless otherwise plainly provided."

In the case at bar, the Referee ordered payment of the rental in arrears and for use and occupancy during the bankruptcy proceedings out of the deposit of $3,600.

The landlord has, therefore, been paid in full and made whole for all rentals accruing up to the date of re-entry of possession. He has no further claim. No rents could accrue to the landlord thereafter as he sold the premises and,

in any event, the bankrupt would not be liable therefor. To permit the landlord to keep the deposit after all of his claims under the lease have been fully satisfied would be unconscionable.

The landlord is, therefore, in the position of holding $2,600 of the bankrupt's money and the Referee very properly entered judgment against him therefor including interest.

In 32 American Jurisprudence 452, § 547 the author states the rule governing deposits to secure performance of leases: "He (tenant) is entitled to the balance remaining after the claims of the landlord have been satisfied."

In re Barnet, 2 Cir., 12 F.2d 73; See: authorities in notes in 22 A.L.R. 1302; 45 A.L.R. 717; 106 A.L.R. 292–318; Nash v. Bailey, Fla., 58 So.2d 680, Kaplan v. Katz, Fla., 58 So.2d 853.

■ Since the lease was terminated on January 12, 1954 by the re-entry of possession of the landlord, the Trustee in bankruptcy would not be entitled to the profit of $700 claimed to have been made by the landlord in selling the property. The option was extinguished. Furthermore, there was no profit because included in the sale of the real estate was certain personal property which the landlord had acquired from the Trustee in bankruptcy at a cost of $840.

■ The Referee was also right in disallowing the claim of the landlord for $250, representing the cost of repairs to the outside of the building which the lease required the landlord to make.

The points raised by the petition for review of the Trustee in bankruptcy related to the allowance by the Referee of the claims for rent and use and occupation which the Court has found were properly allowed.

The judgment of the Referee will, therefore, be modified so as to exclude and disallow the claim of the Trustee in bankruptcy of $700 plus interest for profit in connection with the sale, and as modified will be affirmed.