NORTEX TRADING CORP., Claimant-Appellant,

v.

Samuel NEWFIELD, Trustee of Kaunitz & O'Brien, Inc., Bankrupt, Trustee-Appellee.

No. 139, Docket 27644.

United States Court of Appeals Second Circuit.

Argued Nov. 28, 1962.

Decided Dec. 20, 1962.

---◆---

Rothstein & Korzenik, New York City (Harold Korzenik, New York City, of counsel), for claimant-appellant.

David Haar, New York City, for trustee-appellee.

Before LUMBARD, Chief Judge, and CLARK and KAUFMAN, Circuit Judges.

KAUFMAN, Circuit Judge.

Nortex Trading Corp. filed a proof of claim in the above-entitled bankruptcy proceeding, founded upon a series of promissory notes of the bankrupt. The claim was accompanied by a power of attorney in favor of Nortex's attorneys, which expressly authorized them to receive all notices in the proceeding. Subsequently, the trustee in bankruptcy petitioned the referee to issue an order to show cause why Nortex should not "pay to the trustee herein the sum of $118,-599.63, together with interest, and striking out the respondent's proof of claim until such payment is made * * *." This amount was alleged to have been received by Nortex as a preference. The order to show cause further provided that service be made either upon Nortex or its attorneys, and service was in fact effected only upon the attorneys.

Nortex, appellant here, contends that the absence of personal service of the order renders the proceedings void, as the referee is without personal jurisdiction over the corporation; it is contended that personal service must be made because failure to comply with the order to pay over the moneys identified could result in proceedings to punish for contempt. The referee denied the claimant's motion to vacate the service, and this was affirmed by the District Court. We affirm the order of the District Court.

Appellant does not contest the fact that it is within the power of the referee to disallow the claim filed by Nortex until such time as Nortex surrenders

the alleged preference. This power is expressly provided in section 57, sub. g of the Bankruptcy Act, 11 U.S.C. § 93, sub. g. It contends however, that the order to show cause goes further and seeks affirmative relief—in substance, a turnover order—necessitating personal service. We do not agree. We are persuaded by the analogy between the proceedings before us and the ordinary counterclaim in a civil action under Rule 13 of the Federal Rules. Service of a pleading containing a counterclaim may be made upon the opponent's attorney. 3 Moore's Federal Practice, para. 13.10 (1948). See General Order 4, 11 U.S.C. foll. § 53.

 The filing by Nortex of its proof of claim is analogous to the commencement of an action within the bankruptcy proceeding. See In the Matter of American Anthracite & Bituminous Coal Corp., 22 F.R.D. 504, 507 (S.D.N.Y. 1958). The trustee's petition is in the nature of an answer incorporating an affirmative request for relief by way of surrender of the preference. It has often been recognized that counterclaims by the trustee against a claimant are within the summary jurisdiction of the bankruptcy court. See Inter-State National Bank v. Luther, 221 F.2d 382 (10th Cir. 1955); Conway v. Union Bank, 204 F.2d 603, 607 (2d Cir. 1953); In re Solar Mfg. Corp., 200 F.2d 327 (3d Cir. 1952); In re Nathan, 98 F.Supp. 686 (S.D.Cal. 1951); cf. Kleid v. Ruthbell Coal Co., 131 F.2d 372 (2d Cir. 1942). The claimant is deemed to consent to the jurisdiction of the court upon filing its proof of claim. So too, in the case before us, the petition to disgorge the preference was made within the context of the proceeding commenced by Nortex's filing of its proof of claim, and personal service is unnecessary. The fact that Nortex specifically designated its attorneys to receive all notices in the proceedings merely reinforces the conclusion we reach independently. Cf. In re R. Carrillo & Co., 20 F.Supp. 6 (S.D.N.Y.1937).

The trustee has assured us that he is not seeking and will not seek an order punishing the claimant for contempt in the event of its failure to comply with any direction to pay over the sums sought by the trustee. It is therefore unnecessary for us to determine whether the trustee was required to proceed in the first instance by papers served upon the claimant personally. See 5A Remington on Bankruptcy, § 2425 (14th ed.). Ordinary motion practice under the circumstances present here was proper.

The order of the District Court is affirmed.