**In the Matter of Joseph DE GREGORIO, d/b/a Florence Restaurant, Bankrupt.**

United States District Court
S. D. New York.

July 15, 1963.

Sheldon Lowe, New York City, for trustee.

Daniel J. Pinsky, New York City, for respondent.

METZNER, District Judge.

This is a petition by the landlord of the bankrupt to review an order of a referee in bankruptcy.

The trustee of the bankrupt tenant instituted a summary proceeding to compel the landlord to pay over the sum of $2,500 which had been deposited with him as security deposit under a lease. The lease was for a term of five years commencing January 1st, 1960. Rent was paid through December 1960. When rent was not paid for the month of January 1961, the landlord instituted summary proceedings to recover possession of the premises. The tenant abandoned the premises and on January 30, 1961 was adjudged a bankrupt on a voluntary petition filed the same day. On February 28, 1961 the landlord filed a claim in the bankruptcy proceedings for the rent due for the month of January 1961.

Admittedly, from the date of the receipt of the security deposit, it was commingled with other funds of the landlord in violation of section 233 of the Real Property Law of the State of New York. However, the landlord claims that upon the tenant's default before the adjudication in bankruptcy the $2,500 security deposit was forfeited under the terms of the lease, and he is entitled to the deposit since he suffered a $3,000 loss in rental income during 1961.

The initial point raised by the landlord is that the rights of the parties to the security deposit cannot be determined in a summary proceeding, but must be the subject of a plenary suit. However, by filing his proof of claim for rent for the month of January, the landlord is deemed to have consented to the jurisdiction of the court to summarily determine the right to the security deposit. Nortex Trading Corp. v. Newfield, 311 F.2d 163 (2d Cir. 1962); In re Muntz TV, 229 F.2d 228 (7th Cir. 1956); In re Morrison-Barnhart Motors, Inc., 142 F.Supp. 845 (N.D.Ohio 1956). See 2 Collier, Bankruptcy ¶ 23.08 (14th ed. 1962).

The landlord vigorously opposes findings by the referee that the bankrupt on the day of the filing of the petition was entitled to immediate possession of the security deposit and that the landlord now has the security deposit in his possession with no adverse claim or color of title thereto. He also objects to the conclusion of law that the landlord held the deposit in a trust fund and that the landlord has no right to set off against the trustee any sums allegedly due him for unpaid rent, liquidated damages or other damages.

The answers to these contentions may be found in Fore Improvement Corp. v. Selig, 278 F.2d 143 (2d Cir. 1960); Sommers v. Timely Toys, Inc., 209 F.2d 342 (2d Cir. 1954). It is clear from these cases that the landlord by commingling the security deposit with his other funds violated the statutory provisions of section 233. This violation was not cured prior to bankruptcy. As a result the landlord forfeited any right to the security and it cannot be treated as a deposit which the landlord may retain as liquidated damages in the event of a breach of the lease. The security is held as a trust fund with title in the bankrupt. There is no right to setoff under the circumstances here. The order of the referee is affirmed.