**In the Matter of PAL–PLAYWELL, INC., Bankrupt.**

**No. 62 B 691.**

United States District Court
E. D. New York.

Oct. 10, 1963.

Eli N. Horin, Jamaica, for petitioners.

Handelsman, Arutt & Knox, New York City, for trustee.

BRUCHHAUSEN, District Judge.

Petition to review an order of the Referee in Bankruptcy, dated August 9, 1963 for the turnover to the trustee of moneys deposited by the tenant as security for the performance of the terms of a lease. The lease was executed by the petitioners William Saloy, et al., as land-lords to Playwell Products, Inc., as tenant. The bankrupt, Pal-Playwell, Inc., succeeded to the interests of the tenant under the lease.

The lease, dated December 2, 1959 is for the term of 15 years at a rental of $2330 per month.

In August 1962, the tenant filed a bankruptcy petition of arrangement and on September 13, 1962, the tenant was adjudicated a bankrupt and a trustee appointed.

The lease is the commonly used Gilsey form. Paragraph 15 thereof provides in part as follows:

"The Tenant has this day deposited with the Landlord the sum of $6,-990.00 as security for the full and faithful performance by the Tenant of all the terms, covenants and conditions of this lease upon the Tenant's part to be performed, which said sum shall be returned to the Tenant after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of said terms, covenants and conditions on Tenant's part to be performed. * * *"

The petitioners, the landlords, make no claim for any indebtedness due to them from the tenant prior to bankruptcy. Their contentions are that they should be permitted to retain the security for application pro tanto toward the discharge of their claim for damages for breach of the covenants of the lease.

The Referee found that the landlords did not commingle the security and ruled that under Sections 70 and 312 of the Bankruptcy Act title to the fund deposited vested in the trustee and that inasmuch as no part of it had been applied prior to bankruptcy, the fund became the trustee's property. The Referee relied upon the case of Sommers v. Timely Toys, Inc., 2 Cir., 209 F.2d 342.

The Sommers case is distinguishable from the case at bar, particularly in that the landlord had commingled the security prior to the tenant's bankruptcy. The Court in holding that the landlord for-

feited its right to the security by such commingling, stated:

> "In any event § 233 [of the New York Real Property Law] makes defendant [the landlord] a trustee by operation of law; and the setoff provisions of § 68 of the Bankruptcy Act, 11 U.S.C. § 108, which contemplate a debtor-creditor relationship, do not apply. Defendant is not entitled to a preference over other creditors."

The said Section 68, sub. a of the Bankruptcy Act provides:

> "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

However, despite the commingling of the security, the lower court in its opinion in the Sommers case reported in D.C., 110 F.Supp. 845, directed that the rent for the month succeeding the date of bankruptcy be offset against the security. Other claims for damage were disallowed as not proven. The Court of Appeals did not disturb this ruling.

 In the case of Fore Improvement Corp. v. Selig, 2 Cir., 278 F.2d 143, the Court makes it clear that, absent a violation of Section 233, the landlord may offset a claim for damages against the trust fund. The Court, in this connection, stated:

> "The trustee in bankruptcy represents the totality of the bankrupt's creditors, a group into which the landlord here should fall without a preference since, by virtue of the section 233 violation, it failed to obtain for itself the rights thereunder which compliance would have bestowed."

Until such time as the damage claim of the landlords is determined, it is not in the category of a debt which can be set off against the trust fund. See Mallory Associates, Inc. v. Barving Realty Co., 300 N.Y. 297, 90 N.E.2d 468 and Cook County National Bank v. United States, 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed. 537.

In the recent case of S & W Holding Company v. Kuriansky, 317 F.2d 666, 2 Cir., wherein there was no commingling of the security, the Court held that "the deposit * * * might be applied against either a claim for accrued rent or a claim for damages for anticipatory breach of the lease."

A proceeding by the trustee for repayment of the deposit, prior to a determination of the landlord's damage is premature. In re Homann, 2 Cir., 45 F.2d 481; In re Sherwoods Inc., 2 Cir., 210 F. 754.

The trust fund herein is subject to offset of any damage for breach of covenant which may later be determined.

The order of the Referee is reversed, other than the last paragraph thereof.

Settle order on notice.