In the Matter of **RADIANT SYSTEMS, INC., formerly known as Thermonic Devices, Inc., Bankrupt.**

No. 64-B-1050.

United States District Court E. D. New York.

Dec. 14, 1965.

Irving Taustine, New York City, for trustee.

Donald A. Capobianco, Westbury, N. Y., for respondents; David R. Sherman, Westbury, of counsel.

BRUCHHAUSEN, District Judge.

The Trustee in Bankruptcy seeks a review of the order of Hon. William J. Rudin, Referee in Bankruptcy, dated October 21, 1965.

The issue before the Referee was whether the landlords, lessors, of premises leased to the bankrupt were justified in retaining moneys deposited by the bankrupt as security for the performance of the provisions of the lease.

The Referee ruled in favor of the landlords.

## FACTS NOT IN DISPUTE

a) The Lessors, Michael Adamowicz and Mary Adamowicz, entered into a written agreement, dated June 22, 1962, whereby they leased the subject premises to the predecessor of the bankrupt for the term of five years, commencing on July 1, 1962.

b) The lease provided that the sum of $4240.62 paid by the lessee, the tenant, to the lessors was to be held "as security for the faithful performance of all of the covenants and conditions of the lease by the said tenant."

c) The lessors deposited the security in a joint account in their names in the Franklin National Bank of Long Island.

d) The joint account included funds of the lessors, other than the security deposit. There was a commingling of funds. The security deposit was never segregated or placed in a separate or special account.

e) During the period from September 7, 1962 to on or about May 13, 1963, the balance on deposit was generally less than the said security fund of $4240.62. Thereafter the said balance at various times exceeded the security fund. Between September 25, 1963 and December 14, 1964 the balance exceeded $10,000.00.

f) The lessee defaulted in the payment of rent for the months of July, August, September, October and November 1964. The lessors did not apply any portion of the security in payment thereof.

The Referee found that where a lease continues, with the tenant remaining in

possession, a prior commingling of the security which has since been corrected does not work a conversion resulting in forfeiture of the security, citing 160 Realty Corp. v. 162 Realty Corp., Sup., 113 N.Y.S.2d 618, affirmed 280 App.Div. 762, 113 N.Y.S.2d 678.

The Trustee urges that Section 7–103 of the General Obligations Law, formerly Section 233 of the Real Property Law provides in part:

"Whenever money shall be deposited or advanced on a contract * * * for the use or rental of real property as security for performance of the contract * * * such money, * * * until repaid or * * * applied (to payments on such contract) shall continue to be the money of the person making such deposit * * * and shall be held in trust by the person with whom such deposit * * * shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same * * *."

The trust established by the provisions of the said statute operates to protect the lessee against misappropriation by the landlords of the funds deposited. See Mallory Associates, Inc. v. Barving Realty Co., 300 N.Y. 297, 301, 302, 90 N.E.2d 468, 15 A.L.R.2d 1193; Pollack v. Springer, 196 Misc. 1015, 95 N.Y.S.2d 527.

The law applicable to a commingling of security is well stated in the case of Sommers v. Timely Toys, Inc., 2 Cir., 209 F.2d 342, wherein the Court ruled as follows:

1. That where a landlord deposits security in its general bank account it violates Section 233 of the Real Property Law which law prohibits the mingling of security and personal moneys.

2. That unless the lease continues and the fund is separated, the landlord by the act of commingling works a conversion thereby entitling the tenant to immediate recovery of the security.

3. That by so forfeiting its right to the security, the landlord may not retain it in payment of any liquidated damages provided for by the terms of the lease.

4. That the said statute makes the landlord a trustee by operation of law and that the set of provisions of Section 68 of the Bankruptcy Act, 11 U.S.C.A. § 108, which contemplate a debtor-creditor relationship, do not apply.

5. That a claimant for unpaid rent is not entitled to a preference over other creditors.

In Re Pal-Playwell, Inc., 334 F.2d 389 at page 391 (1964), the Court held in part:

"In Sommers v. Timely Toys, Inc., 209 F.2d 342 (2d Cir. 1954), the holding, if not the precise rationale upon which it proceeded, was unmistakable: a commingling landlord forfeited its right to a security deposit upon the lessee's bankruptcy. Sommers was adhered to in Fore Improvement Corp. v. Selig, 278 F.2d 143 (2d Cir. 1960), where the holding was similarly confined to a commingling landlord who sought to invoke the set-off allowed by section 68, sub. a. We noted there that the commingling landlord 'by virtue of the section 233 violation * * * failed to obtain for itself the rights thereunder which compliance would have bestowed.' 278 F.2d at 146. See also Tru-Seal Aluminum Prods. Co., 170 F.Supp. 902 (E.D.N.Y.1959), aff'd sub nom. Fore Improvement Corp. v. Selig, supra."

In the case at bar the Referee erred in his finding No. 10 wherein he determined that the security was restored to the trust account prior to the filing of the petition. It is evident that at all times the security was in a commingled account and was never segregated and deposited in a special or separate account. 160 Realty Corp. v. 162 Realty Corp., supra, is distinguishable. In that case the commingled funds prior to the commencement of the action were segregated and the security fund was placed in a special account. See In the Matter of Tru-Seal Aluminum Products Corporation, 2 Cir., 278 F.2d 143, 145, 146.

The findings of the Referee are modified in accordance with this memorandum and the order of the Referee is reversed.

Settle order on notice.