Williaam R. Brennan, Jr., J.
Pursuant to an agreement of lease made as of June 25, 1957, the plaintiffs as tenants leased *469 from the defendant Maidman as landlord designated space in the Beverly Hotel building at 125 East 50th Street, Manhattan, for a term which commenced July 1, 1957 and which will expire August 31, 1970, and the tenants are still in possession. Under that lease, the plaintiffs deposited $5,000 as security to be returned after the date fixed as the end of the lease and after delivery of possession of the premises to the landlord if the tenants meanwhile fully and faithfully performed their obligations. The landlord was granted the right “In the event of a sale of the land and building * * * to transfer the security to the vendee * * * and Landlord shall thereupon be released by Tenant from all liability for the return of such security”. The plaintiffs’ security was maintained in a separate account by the landlord-defendant until February 2, 1959 when the premises were conveyed by him to Beverly Hotel Company. At that time one of the closing adjustments apportioned as a credit to the buyer was an item entitled “ Security deposits........8,550.00.” The purchaser acknowledged receipt of four specific security deposits aggregating the $8,550.00 one of which was “ Tow and Dakofsky [plaintiffs here]..........$5,000.” On February 19, 1959 the defendant wrote and mailed to Tow and Dakofsky a registered notice of the conveyance of the building and that ‘ ‘ I have transferred your security in the amount of $5,000 to the new owners.” There was no recital of the name and address of the new owners, but it is undisputed that the plaintiffs have paid their rents since February 2, 1959 to Beverly Hotel Company and to each of its several successors in title since that date.
The plaintiffs now seek summary judgment in this action brought to recover $5,000, with interest from February 2, 1959, upon the theory that the defendant’s extension of the credit for security (including plaintiffs’) when he sold the- property to Beverly Hotel Company constituted a conversion of plaintiffs’ security deposit. Upon the motion they also urge the failure of the notice of conveyance and security transfer to comply with section 1302-a of the former Penal Law since it did not state the name and address of the grantee. The motion is also addressed to the defenses which plead the lease provision permitting transfer of security to the landlord’s vendee and the conversion Statute of Limitations. The applicable statute, in addition to section 1302-a of the former Penal Law is former section 233 of the Real Property Law (in each instance reference is to the statutes as they read in 1959 — their successors are contained in General Obligations Law, art. 7).
*470 The primary question is whether the credit taken for security in the transaction of February 2, 1959 constituted a conversion by the defendant of the tenants ’ deposit.
It is unquestioned that the amount of the plaintiffs’ security wound up in the grantee’s (Beverly Hotel Company’s) hands and that it gave its written receipt therefor as security. The net effect was that there was no depletion whatsoever of the fund on deposit as security and the security was as inviolate immediately after the conveyance of February 2, 1959 as it was immediately before. It has been repeatedly noted that ‘‘ In enacting section 233, the Legislature was attempting to prevent the depletion of funds deposited with the lessor.” (Mallory Assoc, v. Barving Realty Co., 300 N. Y. 297, 301; Matter of Perfection Tech. Serv. Press, 22 A D 2d 352, 354.)
Even if the use of the dollar amount of the deposit as a credit (although simultaneously acknowledged by the purchaser as receipt of rent security) constituted a technical conversion, a broad assumption, it still does not follow that a mere commingling is sufficient to enable the tenant to recover. “ The essence of the tort of conversion is not the mere exercise of some dominion over the property of another but such an exercise as actually causes some real detriment to the rights of the owner of the thing over which dominion is exercised, 65 Corpus Juris 11, 28; Salt Springs Nat. Bank v. Wheeler, 48 N. Y. 492, 495; Boyce v. Brockway, 31 N. Y. 490; Melnick v. Kukla, 228 App. Div. 321, 323, 239 N. Y. S. 16, 18; Industrial & General Trust v. Tod, 170 N. Y. 233, 245, 63 N. E. 285, 288; MacDonnell v. Buffalo L. T. & S. D. Co., 193 N. Y. 92, 101, 85 N. E. 801, 803; Kilmer v. Hutton, 131 App. Div. 625-, 636, 116 N. Y. S. 127, 135 ; 4 Sutherland on Damages, 4 ed., sec. 1108, p. 4207; 2 Sedgwick on Damages, 9 ed., § 492a; Pollock on Torts, 14 ed. p. 285; and Manufacturers Trust Co. v. U. S. Mortgage & Trust Co., 122 Misc. 726, 204 N. Y. S. 105, affirmed 213 App. Div. 345, 210 N. Y. S, 613, affirmed 244 N. Y. 550, 155 N. E. 893, seems to me a direct holding that merely commingling in violation of a statutory provision against mingling does not justify a recovery.” (160 Realty Corp. v. 162 Realty Corp., 113 N. Y. S. 2d 618, 621, affd. 280 App. Div. 762; see, also, Neptune Paper Prods, v. Rodolitz, N. Y. L. J., Oct. 26, 1966, p. 21, col. 5, [Fitzpatrick, J.].)
It has been held that where a lease continues, with the tenant remaining in possession, a prior commingling of the security which has since been corrected does not work a conversion resulting in forfeiture of the security (Matter of Holst Co., 213 N. Y. S. 2d 952, 953, and cases there cited). The application *471 of that doctrine to the case at har, where the only available argument is that there was a momentary use of the deposit as a credit for the prior owner’s benefit immediately confirmed as a security deposit by his successor, requires no expanded elucidation.
The attack on the form of the notice of transfer is overruled. The tenants were at all times well aware of the name and address of defendant’s grantee and concededly made payment to it of rents due under the lease as they became due. That the notice lacked that name and address under the circumstances of this case avails the plaintiffs naught since no civil liability can arise from such a violation (Neptune Paper Prods, v. Rodolitz, supra, last paragraph).
The plaintiffs are not entitled to summary judgment. Having invoked the remedy and the facts having been made available to the court, it is apparent that the defendant is entitled to summary judgment ( CPLR 3212, subd. [b]) and the complaint is dismissed. A short form order has been signed herewith accordingly.
In view of this disposition, it is unnecessary to consider the Statute of Limitations defense on the branch of the motion directed thereto.