**In the Matter of GOTTFRIED BAKING COMPANY, Inc., Bankrupt.**

**No. 65 B 859.**

United States District Court,
S. D. New York.

April 17, 1970.

644

Hofmann, Katz & Weisbrod, New York City, for petitioner McCauley Graphic Finishing Co., Inc.; George Weisbrod, New York City, of counsel.

Louis P. Rosenberg, Brooklyn, N. Y., for trustee.

MANSFIELD, District Judge.

McCauley Graphic Finishing Co., Inc. ("McCauley") petitions for review of an order of Referee in Bankruptcy Loewenthal denying it recovery of $1,800 allegedly held in trust for it by the bankrupt and directing that McCauley be deemed a general creditor in the sum of

$1,800. For the reasons stated below, the matter is remanded.

The $1,800 claim was based upon a deposit in that amount by a tenant with Gottfried Baking Co., Inc. ("Gottfried") prior to the latter's bankruptcy. In 1962 McCauley's predecessor, P. E. O'Brien Finishing Co., Inc. ("O'Brien"), had leased business property for a 10-year term from Gottfried as lessor and had deposited the money as security for its performance as lessee. Gottfried, instead of treating the deposit as a trust fund and segregating it from its personal funds, as required by New York law,[1] co-mingled the deposit with its own account in the Chase Manhattan Bank.

On June 11, 1964, O'Brien assigned its interest in the lease and the deposit to McCauley, with Gottfried's consent. On November 1, 1965, Gottfried petitioned for arrangement under Chapter XI of the Bankruptcy Act, and was adjudicated a bankrupt on August 31, 1966. McCauley sought to recover the deposit supposedly held in trust by Gottfried.

The Referee ruled that McCauley had lost its preferred status and had been converted into a general creditor because the bank account in which Gottfried had co-mingled the money had been overdrawn by $104,787.49 on December 31, 1964, thereby "dissipating" the trust fund and eliminating it, citing Schuyler v. Littlefield, 232 U.S. 707, 710, 34 S.Ct. 466, 58 L.Ed. 806 (1914). (Conclusions of Law ¶ 4)

McCauley now asks us to take judicial notice of certain facts not mentioned by the Referee in his decision, which are urged as proof that the trust was reinstated by Gottfried prior to bankruptcy. Specifically McCauley asserts that on

1. New York General Obligations Law, McKinney's Consol.Laws, c. 24–A, § 7–103 provides in part:

"1. Whenever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same * * *."

November 1, 1965, the date when Gottfried petitioned for arrangement, Gottfried had some $111,000 on deposit in the Chase Manhattan Bank and the Israel Discount Bank, and $4,751.82 in cash at its offices; and that Gottfried, in its answer to a question included in its Statement of Affairs that accompanied the petition for arrangement concerning property held by it in trust, acknowledged that it held the $1,800 as a security payment. These facts, argues McCauley, amounted to a revival or reinstatement of the trust and McCauley's preferred status as beneficiary.

■ At first blush Schuyler v. Littlefield, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806 (1914), cited by the Referee, might be construed as supporting the Trustee's position, since the Supreme Court there made the broad statement that "where one has deposited trust funds in his individual bank account, and the mingled fund is at any time wholly depleted, the trust fund is thereby dissipated, and cannot be treated as reappearing in sums subsequently deposited to the credit of the same account" (p. 710, 34 S.Ct. p. 467). However, *Schuyler* is clearly distinguishable on its facts from the present case. The debtor there never set aside any money specifically as a trust fund. Instead, the court was asked to hold that the debtor's receipt of general funds at a later date, which he had in turn used to obtain release of collateral, transformed the collateral into a trust fund. There was never any issue as to whether the debtor, or Trustee, had reinstated or revived the trust fund. Furthermore, the emergence of more precise teachings in this area in recent years indicates that the Supreme Court's broad statement in *Schuyler* is subject to the qualification that reinstatement may be effectuated by the debtor even though it will not be presumed simply from the appearance of new funds. Repeatedly the Second Circuit Court of Appeals has recognized that the lessor's wrongful co-mingling of a lessee's trust fund does not forfeit the security or deny the lessee his rights. Sommers v. Timely Toys, Inc., 209 F.2d 342 (2d Cir., 1954); Fore Improvement Corp. v. Selig, 278 F.2d 143 (2d Cir., 1960), and that the dissolved trust may be reinstated by the landlord. In re Smith, 263 F.2d 153 (2d Cir., 1959). Furthermore, it is now established in New York that the deposit of personal funds by a debtor in a dissipated bank account in which he had wrongfully co-mingled trust funds with his personal funds restores the trust fund if that was the intention of the debtor. In re Van Ingen's Will, 100 N.Y.S.2d 244, 247 (Surr.Ct.1950); 3 Scott on Trusts § 518.1; Bogert, The Law of Trusts and Trustees § 929 (2d ed.); cf. In re Estate of Harry Sheresky, 157 N.Y.S.2d 829 (Surr.Ct.1956); In re Hackett's Will, 46 N.Y.S.2d 415 (Surr.Ct.1944) (a decedent who wrongfully co-mingles personal and trust funds and withdraws below the amount that equals the trust funds is presumed to intend to restore the trust funds when he makes subsequent deposits).

■■ If, as McCauley contends, the debtor intended to reinstate the $1,800 as security by appropriating such an amount for that purpose at a later date, McCauley would be entitled to the security. Accordingly, we are remanding the case to the Referee for the purpose of taking further proof on the question of whether Gottfried intended its balance with the Chase Manhattan Bank on November 1, 1965, to reinstate the trust fund. If such intention is found, McCauley will be entitled to return of the $1,800 security with appropriate interest. Otherwise it must be deemed a general creditor.

It is so ordered.