Accordingly, the Court finds in favor of the defendant.

**In re PARK EAST CORPORATION, d/b/a Park East Hospital, Bankrupt.**

**Seymour GILLMAN, as Trustee in Bankruptcy of Park East Corporation, d/b/a Park East Hospital, Plaintiff-Appellant,**

**v.**

**BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Defendant-Appellee.**

**No. 76 B 1141 (KTD).**

United States District Court, S. D. New York.

April 26, 1979.

Finkel, Goldstein & Berzow, New York City, for the trustee; Neal M. Rosenbloom, Harold S. Berzow, New York City, of counsel.

Edward T. Blaney, Jr., New York City, for Blue Cross and Blue Shield of Greater New York.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge:

This is an appeal from an order of Bankruptcy Judge Edward Ryan dismissing the action brought by the Trustee in Bankruptcy of Park East Corporation against Blue Cross/Blue Shield of Greater New York [hereinafter referred to as "Blue Cross/Blue Shield"]. Judge Ryan concluded that he lacked jurisdiction over the subject matter of the action. The Trustee contends that this conclusion is contrary to law and has sought review in this Court.

Park East Corporation d/b/a Park East Hospital filed a petition pursuant to Chapter XI, section 332 of the Bankruptcy Act, 11 U.S.C. § 701 *et seq.* on May 11, 1976. Approximately fourteen months later, on July 7, 1977, Park East was adjudicated bankrupt and Seymour Gillman was appointed Trustee in Bankruptcy.

Prior to the filing of the Chapter XI Petition, Park East and Blue Cross/Blue Shield had entered into a contract whereby Park East would furnish services to Blue Cross/Blue Shield subscribers in exchange for payment from that organization. It is the Trustee's contention that after the filing of the Chapter XI Petition, Blue Cross/Blue Shield began to withhold moneys due Park East for treatment of Blue Cross/Blue Shield subscribers. Accordingly, the Trustee commenced an adversary proceeding seeking "at least $200,000" for services rendered during the period from May 11, 1976 to July 7, 1977. Blue Cross/Blue Shield filed an answer denying the allegations and setting up three affirmative defenses. Blue Cross/Blue Shield claimed that (i) the subscribers themselves or Blue Cross/Blue Shield had made the payments in question; (ii) that Park East's collection of moneys from subscribers violated its contract with Blue Cross/Blue Shield; and (iii) moneys collected from subscribers were not refunded but rather were illegally converted. Blue Cross/Blue Shield did not object to the summary jurisdiction of the Court in its answer, nor did it move to dismiss the action pursuant to Fed.R. Civ.P. 12(b).

On April 17, 1978 at a pretrial conference, Judge Ryan raised the question of his jurisdiction to supervise the collection of moneys for obligations created during the debtor-in-possession period. He set down the matter for a hearing on May 31, 1978 at which time

he asked the parties to submit an agreed-on statement of facts from which he could render a decision. No such statement of facts was ever furnished and on November 6, 1978 Judge Ryan dismissed the complaint.

The Trustee claims that Judge Ryan erred in dismissing the complaint. He contends that by filing a proof of claim in the Chapter XI proceeding, Blue Cross/Blue Shield waived its right to object to the Bankruptcy Court's jurisdiction. Such a waiver was also accomplished, according to the Trustee, by reason of Blue Cross/Blue Shield's failure to object to jurisdiction in its complaint or to otherwise move. In any event, the Trustee contends, Blue Cross/Blue Shield's claim to the moneys the Trustee seeks is at best colorable and hence the Court could exercise summary jurisdiction to order the turnover of the moneys allegedly due to Park East. Finally, the Trustee points to the Bankruptcy Reform Act of 1978 (effective October 1979) and urges that I consider it in concluding that the Bankruptcy Court has jurisdiction over this matter.

A Bankruptcy Court has jurisdiction to act summarily with regard to matters relating to the administration of the bankrupt's estate and the property in its actual or constructive possession. 2 Collier on Bankruptcy at 438 (14th Ed. 1976). That is, the Court may act in a quicker, less formal manner than is required in an plenary action. *See, e. g., Central Republic Bank & Trust Co. v. Caldwell,* 58 F.2d 721 (8th Cir. 1932). Where the property sought by the Trustee is not in its actual or constructive possession, a plenary action is necessary unless the claimant consents to adjudication in the Bankruptcy Court. *MacDonald v. Plymouth County Trust Co.,* 286 U.S. 263, 266–67, 52 S.Ct. 505, 76 L.Ed. 1093 (1932). Filing a claim in the bankruptcy proceeding has been deemed, in certain circumstances, a consent to the jurisdiction of the Bank-

ruptcy Court. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Nortex Trading v. Newfield,* 311 F.2d 163 (2d Cir. 1962); *In re Seatrade Corporation,* 297 F.Supp. 577 (S.D.N.Y.1969). The mere filing of a proof of claim, however, is not always tantamount to consent. *See, e. g., In re Miracle Mart,* 293 F.Supp. 417 (S.D.N.Y.1968).

On October 21, 1976, Blue Cross/Blue Shield filed a proof of claim in the amount of $53,218 representing group subscription premiums of employees and supplemental and advance payments. The claim also stated that it was subject to a set off of $83,954.[1] No definitive explanation has been offered as to the nature of this set off. The Trustee contends that the filing of the proof of claim invested the Bankruptcy Court with summary jurisdiction to adjudicate all claims arising out of the Chapter XI proceedings.

In support of his position, the Trustee relies principally upon *Katchen, supra, Nortex, supra,* and *Seatrade, supra.* All three cases involved adverse claimants who filed proofs of claims in bankruptcy proceedings. The Trustees thereafter instituted summary proceedings against the claimants which proceedings involved the subject matter of the claims. In *Katchen* the creditor filed a proof of claim to which the Trustee objected on the grounds that a voidable preference existed. The Supreme Court concluded that the Trustee could affirmatively seek surrender of the preference without resort to a plenary action. The same result was reached in *Nortex* where the Second Circuit concluded that the act of filing a proof of claim was analogous to instituting an action within the bankruptcy proceeding. Accordingly, the Trustee's petition for the surrender of a preference received by the claimant was really an answer and counterclaim to that action. "Counterclaims by the trustee against a claimant are within the summary jurisdiction of the bankruptcy court. . .

---

1. The Trustee places great emphasis on the fact that Blue Cross/Blue Shield's claim reflected a set off due to Park East. Since no one has endeavored to enlighten me as to the nature of

this set off, its significance is somewhat less than clear. I note, however, that there is nothing to suggest that this set off relates to post petition activities.

**150**

The claimant is deemed to consent to jurisdiction of the Court upon filing its proof of claim." 311 F.2d at 164 (citations omitted).

*In re Seatrade, supra,* did not concern a preference counterclaim. In that case an insurance carrier filed a claim in the Chapter X proceeding for unpaid premiums. Thereafter the Trustee initiated a proceeding to recover sums paid to two employees of the bankrupt corporation on account of injuries they had sustained. The Trustee claimed that those injuries were covered by the insurance policies, while the insurance carrier denied coverage, as well as the jurisdiction of the Bankruptcy Court to consider the question. The District Court concluded that since the Trustee's petition could be considered a compulsory counterclaim to the insurance company's claim,—that is one arising out of the transaction that was the subject of the opposing parties claim—the insurance carrier, by filing such claim, had consented to the jurisdiction of the Bankruptcy Court. In the interest of expedition, the Court reasoned, claims which are properly the subject of set offs or counterclaims should be adjudicated in the same forum as those counterclaims. In *dicta* the Court voiced its belief that summary jurisdiction should lie whether the counterclaim was permissive or compulsory.

The facts of the case at bar are readily distinguishable from those cases just discussed. In each of those actions, the Trustee sought to avoid claims by seeking surrender of preferences received or payment for obligations incurred prior to the bankruptcy. In this case the Trustee is seeking to recover moneys allegedly due Park East for services performed *after* the filing date of the bankruptcy, while the claim filed by Blue Cross/Blue Shield is for premiums allegedly due prior to that date. It can hardly be argued that Blue Cross/Blue Shield's proof of claim for amounts due it prior to

the time it allegedly incurred an obligation to Park East, constituted a knowing waiver of its right to have the present dispute adjudicated in a plenary action. Moreover, it may well be that the mutuality required by Section 68 of the Bankruptcy Act, is absent in this case. 11 U.S.C. § 108. *See Cherno v. Engine Air Service,* 330 F.2d 191 (2d Cir. 1964). Presumably, obligations created after the filing of the petition under Chapter XI of the Bankruptcy Act are obligations due to a new entity that is separate and distinct from the debtor, *see generally* 4 Collier on Bankruptcy 895 (14th Ed. 1978).[2] Thus, debts owed to the claimant before the date of filing may not be set off against the claimant's own post filing obligations. Accordingly, Blue Cross/Blue Shield's proof of claim does not constitute consent to summary jurisdiction of the unrelated post filing claim. *Cherno, supra.*

■ The Trustee's second argument in support of the Bankruptcy Court's jurisdiction is more compelling. He urges that Blue Cross/Blue Shield has implicitly consented to the summary jurisdiction of the Bankruptcy Court by failing to raise an objection in either its answer or by motion. Section 2a(7) of the Bankruptcy Act, 11 U.S.C. § 11(a)(7) provides that

> where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction;[3]

It is conceded that Blue Cross/Blue Shield raised no objection to jurisdiction until the question was presented by the Bankruptcy

**2.** Indeed, the Trustee recognizes the absence of mutuality as noted in his Reply Brief at 2-6.

**3.** Rule 915 of the Federal Rules of Bankruptcy is to the same effect and provides:
(a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to

Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served.

Court. However, Blue Cross/Blue Shield argues that subject matter jurisdiction was absent and that this deficiency can never be waived.

In arguing that subject matter jurisdiction may not be conferred consensually, Blue Cross/Blue Shield relies upon Bankruptcy Rule 928 which provides that nothing in the Rules of Bankruptcy Procedure "shall be construed to extend or limit the jurisdiction of courts of bankruptcy over subject matter." This caveat, of course, pertains only to the Rules of Bankruptcy Procedure which are rules of procedure prescribed by the Supreme Court to regulate practice under the Bankruptcy Act. Thus, although the Supreme Court may not enlarge the subject matter jurisdiction of courts of bankruptcy, *see generally United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) this rule does not suggest that Congress may not do so. Indeed, the United States Supreme Court has recognized that by virtue of the United States Constitution, Article I, Congress is invested with the power to establish uniform laws on the subject of bankruptcy. Such power includes the right to "prescribe conditions upon which federal courts could have jurisdiction." *Schumacher v. Beeler,* 293 U.S. 367, 374, 55 S.Ct. 230, 234, 79 L.Ed. 433 (1934).[4]

The question remains, however, whether the instant action involves matters pertaining to bankruptcy, since Section 2a(7) of the Bankruptcy Act applies only to controversies arising under that statute. In other words, to fall within the purview of Section 2a(7) the action must be one in which the Trustee or receiver is a party and the matter in issue must be "one which affects the extent of the estate to be distributed." *In re Moore,* 288 F.Supp. 887, 889 (S.D.Califor-

nia 1968). *See also In re Oceana International,* 376 F.Supp. 956 (S.D.N.Y.1974). Although Blue Cross/Blue Shield appears to contend that this is not a matter arising under the Bankruptcy Act,[5] it does not argue that the money, if properly due and owing to Park East, will not become part of the estate and benefit its creditors. Since the Trustee is a party to this action and since the collection of the disputed moneys is one of the functions a Trustee is bound to perform under the Bankruptcy Act, 11 U.S.C. § 2a(7),[6] I believe this is properly a controversy in relation to a proceeding in bankruptcy. Accordingly, the provisions of Section 2a(7) apply and by failing to move to dismiss or otherwise object in its answer, an adverse party will be deemed to have consented to the Bankruptcy Court's jurisdiction.

In this case, as indicated above, Blue Cross/Blue Shield has conceded that it failed to object to the Bankruptcy Court's jurisdiction in a motion or in its answer. Indeed, its implied consent to jurisdiction can be seen from the chronology of events following service of the Trustee's complaint on February 28, 1978. Blue Cross/Blue Shield filed its answer together with interrogatories on March 31, 1978. On April 17, at a pretrial conference, it consented to a forty-five day adjournment for Park East's Trustee to answer these interrogatories.[7] It was at this April 17th conference that Judge Ryan raised for the first time the jurisdictional issue. Blue Cross/Blue Shield remained silent on that issue until the second conference held on May 31, 1978. Moreover, it never even attempted to assert a timely defense by moving to amend its complaint. *See In re Los Angeles Trust Deed & Mortgage Exchange,* 464 F.2d 1136, 1139–40 (9th Cir.) *cert. denied, Phipps v.*

---

4. *Schumacher v. Beeler* dealt with the problem of consent to jurisdiction of the District Courts pursuant to Section 23 of the Bankruptcy Act.

5. Presumably this is the thrust of Blue Cross/Blue Shield's argument when it concludes that "a complaint seeking a turnover of moneys during a debtor-in-possession period is not an adversary proceeding as defined by 11 U.S.C. § 11(a)" Brief for Defendant/Appellant

at 14. Unfortunately, Blue Cross/Blue Shield has made this assertion without any reference to supporting authorities.

6. Applicable to debtors-in-possession by reason of 11 U.S.C. § 702.

7. Transcript of Proceeding Before Judge Ryan, April 17, 1978 at 3.

*Associate Fundings, Inc.*, 409 U.S. 1064, 93 S.Ct. 558, 34 L.Ed.2d 518 (1972). From the foregoing it appears that Blue Cross/Blue Shield had no thought of objecting until the Judge suggested the possibility. Because of its course of action, I find an implied waiver within the meaning of Section 2a(7).

Finding, as I do that Blue Cross/Blue Shield waived objections to the Bankruptcy Court's jurisdiction, I need not reach the other issues raised by the Trustee. For the reasons set forth above the decision of the Bankruptcy Court is reversed.

SO ORDERED.