In re Ronald SPINELLI, d/b/a Tri-County Contracting, Debtor.

William S. BROWN, as Trustee in Bankruptcy of Ronald Spinelli, d/b/a Tri-County Contracting, Plaintiff,

v.

Joseph ATTERITANO, Defendant.

Bankruptcy No. 883–31316–18.

Adv. No. 883–0721–18.

United States Bankruptcy Court, E.D. New York.

Feb. 7, 1984.

William S. Brown, Garden City, N.Y., trustee/plaintiff.

John J. Tenenbaum, Valley Stream, N.Y., for defendant.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

On July 5, 1983, debtor, Ronald Spinelli, d/b/a Tri-County Contracting, filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978 ("Code"). On September 7, 1983, trustee, William S. Brown, commenced this adversary proceeding against Joseph Atteritano ("defendant"), lessor of the business premises previously occupied by debtor, to require the turnover under § 542 of a rent security deposit and to avoid a preferential transfer under § 547. After joinder of issue, a trial was conducted on November 22, 1983. Decision was reserved.

### TURNOVER OF RENT SECURITY DEPOSIT

On December 23, 1980, debtor issued to defendant a check in the amount of $1320

as security for the performance of all covenants under a lease pertaining to the premises located at 134 Jefferson Street, Inwood. Trial transcript of November 22, 1983 ("Tr.") at 15. Defendant deposited this check into a checking account utilized for deposit of all payments he received from the rental of his several buildings. *Id.* at 69–70.

Testimony adduced at trial shows that debtor last paid his rent to defendant in either March or May of 1982. *Id.* at 16, 49. Debtor ultimately vacated the rental premises on May 18, 1983, surrendering the key to the defendant on that date. *Id.* at 9, 56. Thus, debtor occupied the leasehold for either twelve or fourteen months without paying rent. *Id.* at 16, 73.

The parties dispute whether debtor consented to defendant's application of the security deposit to the defaulted rental payments sometime in July of 1982. *Id.* at 19, 50–51. However, the defendant asserts, in either case, that he did so apply the security in July of 1982. *Id.* at 51.

Debtor and defendant are in agreement that Section 7–103 of the New York General Obligations Law governs the defendant's conduct with respect to the security deposit. This section provides in pertinent part:

1. Whenever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and *shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys* or become an asset of the person receiving the same, but may be disposed of as provided in section 7–105 of this chapter. (Emphasis added.)

N.Y.GEN.OBLIG.LAW § 7–103 (McKinney 1983).

■ It is settled that under this statute if a landlord commingles a security deposit with his "personal moneys" he is guilty of a conversion at the time of the commingling. *Fore Improvement Corporation v. Selig*, 278 F.2d 143 (2d Cir.1960); *Sommers v. Timely Toys*, 209 F.2d 342 (2d Cir.1954); *In re Radiant Systems, Inc.*, 253 F.Supp. 776 (E.D.N.Y.1965); *In re Pal-Playwell, Inc.*, 223 F.Supp. 1018 (E.D.N.Y.1963), *affirmed* 334 F.2d 389 (2d Cir.1964).

The effect of a landlord's conversion is to give the tenant immediate right to the commingled funds. 334 F.2d at 391; *Cherno v. Engine Air Service, Inc.*, 330 F.2d 191 (2d Cir.1964); *Glass v. Janbach Properties, Inc.*, 73 A.D.2d 106, 425 N.Y.S.2d 343 (2d Dept. 1980).

■ In the event the tenant files a petition in bankruptcy subsequent to the commingling of a security deposit by his landlord, the trustee in bankruptcy succeeds to the rights of the tenant and may thus require a turnover of the converted funds. 334 F.2d at 389; *In re DeGregorio*, 219 F.Supp. 783, 784 (S.D.N.Y.1963).

■ Where the tenant files a petition in bankruptcy after having defaulted under the terms of a lease, the commingling landlord is precluded from setting-off the security deposit against tenant's obligation. The rationale underlying this proposition is succinctly set forth by the Second Circuit in *Sommers v. Timely Toys:* "In any event, § 233 [of the N.Y. Real Property Law, predecessor section to § 7–103 of the General Obligations Law] makes defendant a trustee by operation of law; and the setoff provisions of § 68 of the Bankruptcy Act [predecessor to § 553 of the Code] ... which contemplate a debtor-creditor relationship do not apply." 209 F.2d at 343; *see* 278 F.2d at 146.

However, if a landlord restores and segregates the once-commingled funds prior to bankruptcy or prior to an action having been commenced for the conversion, the statutory "trust" may be reinstated, and the tenant or trustee in bankruptcy will no longer possess a cause of action for the conversion. *In re Gottfried Baking Company*, 312 F.Supp. 643 (S.D.N.Y.1970); *Tow v. Maidman*, 56 Misc.2d 468, 288 N.Y.S.2d 837 (S.Ct. Nassau Co.1968). In such context,

the landlord would be entitled to exercise his right of set-off under § 553. 209 F.2d at 343; 253 F.Supp. at 777; 219 F.Supp. at 784.

In the instant case, defendant has not restored the security deposit to a separate account. He asserts, however, that he has applied the funds for the debtor's benefit to the extent that he credited the debtor with payment for two months of rent. Thus, the issue posited for resolution is whether the landlord must formally restore the funds to a segregated account prior to their application to cure or reduce tenant's default.

■ Section 7–103 of the General Obligations Law was enacted to protect a tenant from misappropriation of funds deposited as security with his landlord. See 334 F.2d at 391. The statute and amplificatory case law are emphatic in characterizing a landlord's inadvertent commingling of tenant's security as a conversion. While the statute as construed may on occasion yield harsh results, the Second Circuit has determined that such a construction is justified: "The statute may appear to be highly technical but such statutes frequently have to be literally construed to obtain the desired compliance." 278 F.2d at 146.

In light of the fact that in this context the statute imposes liability for a technical conversion, see Filner v. Shapiro, 633 F.2d 139, 142 (2d Cir.1980), it would be anomolous to offer our judicial imprimatur to a landlord's application of funds which are admittedly converted under New York law to satisfy a tenant's defaults under a lease. See accord 219 F.Supp. at 784. A landlord should be deemed to have forfeited his right to apply funds entrusted to him to his own use after he has breached his duty under the statute based upon the premise that as a converter he has no cognizable legal interest in such funds as against his tenant. It would be offensive to the statutory framework to permit this landlord to breach his obligation under the law with impunity and apply the converted funds to his own account absent his prior restoration of such corpus to the account of the tenant.

Moreover, as has been established, it is settled that a trustee seeking turnover of a commingled security deposit will prevail over a landlord absent the landlord's prior restoration of the moneys to a segregated account. If this court were to hold that a trustee's demand for turnover could be met by the bald assertion that the already commingled funds had been "applied" to the tenant's obligation to the landlord at some previous point in time, the trustee will be thwarted in every instance.

■ Thus, both policy and practical considerations dictate that defendant disgorge debtor's security deposit. Accordingly, the trustee is entitled to recover debtor's security deposit in the amount of $1320.

## AVOIDANCE OF TRANSFER TO LANDLORD AS A PREFERENCE

Trustee has failed to demonstrate that a transfer of value was made to defendant and has thus not met his burden under § 547.

SETTLE JUDGMENT.