## CHASE NAT. BANK OF CITY OF NEW YORK v. LYFORD et al.

### No. 168.

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1945.

276

Milbank, Tweed & Hope, of New York City (A. Donald MacKinnon, of New York City, of counsel), for Chase Nat. Bank.

Elbert N. Oakes, of New York City, for Frederick E. Lyford.

Flynt & Sully, of New York City (Wilberforce Sully, Jr., of New York City, of counsel), for Westmoreland Coal Co.

Before SIMONS, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The bank contends that, under section 23 of the Bankruptcy Act, 11 U.S. C.A. § 46, no summary proceedings as to the

bank balance can be brought against the bank over its objection, because it is, in that respect, an adverse claimant. That contention (which of course relates not to "jurisdiction" but to venue) we consider untenable.[1]

In Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 210, 80 L.Ed. 192, directors and officers, who had dominated a corporation, filed claims in an equity receivership of the corporation.[2] The receiver then began an ancillary suit in the receivership court against them for funds and property alleged to have been improperly taken by them from the corporation before the receivership. The Supreme Court reversed a decision that (1) the suit could be maintained only as a defense to the claims filed in the receivership and (2) that, because of the venue provisions contained in section 51 of the Judicial Code, 28 U.S.C.A. § 112, must, on objections by the defendants, be dismissed so far as it sought recovery in excess of their filed claims. The Court said: "By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance, section 51 to the contrary notwithstanding."[3] We think that the doctrine of that case is not limited to a case where claims are filed by wrongdoing officers and directors (or the like). And we see no reason why that doctrine is not applicable to proceedings under section 77, no reason why the venue provisions of section 23 were not waived when the bank filed its claim against the debtor here.[4]

Moreover, here the very claim of the bank, since it disclosed the application of the balance and was for the net amount remaining after such application, presented to the court the issue of the validity of the bank's conduct in applying the balance.

In addition, we have the fact that, since the bank knew of the injunction order when it applied the balance, it acted in violation of that order. Accordingly, the court could, in a summary proceeding, direct the bank to restore the status quo, with the result that the bank's claim stood just as it would have if the bank had not taken that action; consequently, the court could properly deal with the matter just as if the bank had merely filed a claim for $1,000,000 and had asserted a right of set-off.[5]

2. But to say that the court could properly consider the matter in a summary proceeding is not to say that, on the merits, the bank has no valid right of set-off. It has that right unless it has lost it because it is estopped as against the "six-months" claims.[6] As the record now stands, no such estoppel has as yet been proved. To the extent that the bankruptcy court's order indicates otherwise it must be modified. That order, as modified, should go no further than to recreate the situation as it would have been if the bank, without attempting to apply the bank balance, had filed a claim on its notes including a claim of set-off.[7] The court below may postpone decision on the validity of the set-off until the ascertainment of further facts as to detriment to the six-months' claimants. Pending that ascertainment and decision (which the court below in its discretion may postpone until it approves a plan of reorganization), the bank is not to be required to pay, or set apart for payment to the trustee, any part of the bank balance. We see no need for us now to de-

---

[1] The bank's effort to obtain an order from the court restraining the Master from conducting the hearing we regard as improper practice. But we need not consider the bank's appeal from the order of January 27, 1939, denying that relief; for the bank preserved its objection to the summary character of the proceedings and can therefore properly raise that question on its appeal from the order of December 9, 1943.

[2] The claims were for advances, services and as holders of stock.

[3] The court said that the ancillary bill should be considered as a pleading in the receivership action "to put respondents to proof of their claims and to assert the right to affirmative relief."

[4] Cf. Brooklyn Trust Co. v. Kelby, 2 Cir., 134 F.2d 105, 111 note 13.

[5] In Re Chicago & N. W. Ry. Co., 7 Cir., 86 F.2d 508, is significantly different on its facts. There a bank, the day before the filing of a section 77 petition, applied to a debt owing it by the debtor part of the debtor's balance, the total balance being larger in amount than that debt; the bank filed no claim. The court held that the trustee in bankruptcy could not proceed by summary action against the bank for restoration of the balance thus applied, as the bank was an adverse claimant.

[6] Cf. Dudley v. Mealey, 2 Cir., 147 F.2d 268.

[7] The bank's violation of the injunction does not affect the merits of the bank's set-off.

cide whether or not, if detriment is shown, the bank will be estopped.

The order of December 9, 1943, is modified in conformity with this opinion.