**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor (Order No. 266).**

**In re PRE-PETITION BOND INTEREST.**

**No. 70-347.**

United States District Court,
E. D. Pennsylvania.

May 18, 1971.

■■■■■■■■■

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., Michael A. Boyd, Davis, Polk & Wardwell, New York City, and Richardson Blair, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Morgan Guaranty Trust Co.

Donald A. Scott, Morgan, Lewis & Bockius, Philadelphia, Pa., and Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, for Manufacturers Hanover Trust Co.

Bruce W. Kauffman, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for Irving Trust Co.

## MEMORANDUM

FULLAM, District Judge.

Not all of the interest which accrued on Debtor's bonded indebtedness and was payable prior to the filing of its reorganization petition on June 21, 1970, has in fact been paid. Many bondholders failed to present their coupons for payment before that date. In some instances, the coupons were presented for payment, and checks had been issued by the Debtor, but the checks were not presented for payment until after bankruptcy, and were dishonored.

■ Certain indenture trustees have petitioned the Court for an order directing the Trustees to pay all bond interest accruing on or before June 21, 1970. The principal basis for this request appears to be a desire for symmetry, and the notion that all bondholders should be treated alike. These considerations, however appealing, are insufficient to justify granting the relief requested. In the case of other creditors, if the claim had not been paid as of June 21, 1970, it still has not been paid. I am inclined to believe that the same policy should apply to the bondholders (recognizing, of course, that their claims must be treated differently in any plan of reorganization).

It is true that, in some other railroad reorganizations, Trustees have sought permission to pay pre-petition bond interest, and have been permitted to do so. In every instance where this occurred, however, the amounts were small, and it was the business judgment of the Trustees that the interest should be paid. In the present case, the amounts are large, the Trustees cannot spare the funds with which to make the payments, and it is the business judgment of the Trustees that these claims should be deferred.

■ However, in my view, coupons which were duly presented for payment before the reorganization petition was filed, should have been paid, and, if any now remain unpaid, should now be paid. The Trustees will be authorized to do so.

The petition of Morgan Guaranty Trust Company raises a further issue. It appears that, over the years, the Debtor has paid over to this petitioner various sums to be held for payment of interest more than 10 years past due, as to which no claims have yet been presented. It appears that these deposits, presently aggregating about $60,000, were made in lieu of escheat to the Comptroller of the State of New York under the provisions of New York's Abandoned Property Law (McKinney's Consol.Laws, c. 1, 1953 §§ 500, 501). Morgan Guaranty asks permission to pay any valid claims which may be presented against this fund, while the Trustees assert it should now be restored to the Debtor's estate.

■ I shall assume that this issue has been properly submitted to the jurisdiction of this Court. See: Chase National Bank of City of New York v. Lyford, 147 F.2d 273 (2d Cir. 1945). Insofar as the Debtor is concerned, for present purposes payment to Morgan Guaranty was equivalent to payment of the interest. The Trustees have no valid claim to this money, and the petition-

er may properly use it to meet valid demands by bondholders. This fund has never been held for the account of the Debtor. Whether the Comptroller may have an interest in the matter need not be decided.