J. J. MICKELSON, RECEIVER FOR NORTHWESTERN WOOLEN COMPANY, v. SAM ROSENBERG.

190 N. W. (2d) 182.

September 3, 1971—No. 42553.

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Hyman Edelman,* and *Stephen B. Swartz,* for appellant.

*Maurice L. Halpern* and *David K. Hackley,* for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

KELLY, JUSTICE.

Defendant appeals from an order denying his motion for summary judgment. The questions decided were certified by the court below as important and doubtful within the meaning of Minn. St. 605.09(i). Plaintiff has also filed a notice of review with respect to that portion of the order denying his motion for summary judgment.

On March 11, 1965, Northwestern Woolen Company petitioned the Hennepin County District Court for the appointment of a receiver. The company's president and major stockholder was defendant, Sam Rosenberg. The court appointed plaintiff, J. J. Mickelson, as the receiver. Eighteen months following the commencement of the receivership proceedings, the court permitted defendant to file his claim against the corporation in the amount of $23,267.87 for "monies advanced and loaned" to the corporation. Attached to the claim was a copy of a ledger sheet entitled "Loan Payable—Sam Rosenberg," containing entries reflecting

loans to the corporation and partial repayments of the loans. The balance of the loan account on the attached ledger sheet was $27,432.48, but pursuant to a stipulation with plaintiff, the claim made was for the smaller sum.

Plaintiff filed an objection to defendant's claim. The lower court, after a hearing, in effect held that defendant's advances to the corporation could not be accorded the status of a loan. Although the receiver had not asserted any counterclaim or set-off to the defendant's claim, the lower court, in the course of its order denying the claim, made the observation in one of the findings of fact that the partial repayments of defendant's advances "resulted in his obtaining a preference." Promptly thereafter, plaintiff successfully petitioned the court for authority to commence suit against defendant for recovery of alleged preferences in the amount of $24,390.31.

Upon commencement of the action, defendant moved for summary judgment, contending that under Rule 13.01 of the Rules of Civil Procedure[1] any claim the receiver might have for return of the loan repayments had to be asserted as a compulsory counterclaim to defendant's claim in the receivership proceedings. Defendant maintains that a receiver's objection to a claim is a pleading under Rule 7.01 and is the legal equivalent of an answer.[2] Plaintiff also moved for summary judgment, claiming

---

[1] Rule 13.01, Rules of Civil Procedure, provides: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

[2] Rule 7.01, Rules of Civil Procedure, provides in part: "There shall be a complaint and an answer (including such pleadings in a third-party proceeding when a third-party claim is asserted); a reply to a counterclaim denominated as such; and an answer to a cross-claim if the answer contains a cross-claim. No other pleading shall be allowed except that the court may order a reply to an answer."

that there was no genuine issue of material fact on the basis of the trial court's observation in its findings of fact in the prior proceeding that the partial repayments of defendant's advances had "resulted in his obtaining a preference."

We affirm the trial court's order denying both motions for summary judgments.

Receivership proceedings are governed by Rule 66, Rules of Civil Procedure, which provides in part:

"* * * The practice in the administration of estates by the court shall be in accordance with M.S.A. 1949, c. 576, and with the practice heretofore followed in the courts of this state or as provided in rules promulgated by the district courts. In all other respects, the action in which the appointment of a receiver is sought or which is brought by or against a receiver is governed by these rules."

Rule 23(d), Code of Rules for the District Courts, provides:

"* * * The court, by order, shall fix the time for presentation, examination and adjustment of claims [in receivership proceedings] and the time for objecting thereto * * *. Written objection to the allowance of any claim may be made by any party to the proceeding by serving a copy of such objection upon the claimant or his attorney. Where no objection is made within the time fixed by said order, the claim may stand admitted and be allowed without proof. Issues of law and fact shall be tried as in other cases."

Because Rule 23(d) permits an objection to a creditor's claim by the receiver or any party to the proceeding but does not specifically require a counterclaim, we do not think that the receiver is forced by Rule 13.01, Rules of Civil Procedure, to file a counterclaim or have it extinguished. The statement in Rule 23(d) that "[i]ssues of law and fact shall be tried as in other cases" seems to refer generally only to claims and objections thereto since no mention is made of counterclaims or setoffs. Thus, if

we were to hold that the receiver's counterclaim is compulsory, our decision might well become a trap for the unwary.

We agree with the Honorable William D. Gunn, who issued the order appealed from, that the issue raised by defendant's appeal presents a close question. In an excellent memorandum, the trial court pointed out that the defendant's motion should be denied for these reasons:

"First, as pointed out by plaintiff, there seems a serious question as to whether or not a claim filed in a receivership proceeding, and objections filed to such a claim, are pleadings within the meaning of Rule 13.01. See R.C.P. 7.01. Filing of claims in receivership proceedings appears to be governed by Rule 23(d) of the Code of Rules of the District Courts of Minnesota. R.C.P. 66 appears to recognize this procedure. The filing of a claim in a receivership does not appear to be the equivalent of the filing of a complaint in an ordinary civil action. If the rule-making authority had intended Rule 13.01 to require a compulsory counter-claim to a claim in receivership, it seems that more explicit language would have been used.

"There seems merit, too, to plaintiff's argument concerning the nature and function of a receiver. He acts as an officer and arm of the court and he is usually a passive rather than an active participant. 45 Am. Jur. 185, Receivers, Sec. 237. Because of the very nature of his office and his often limited knowledge of the affairs of the corporation at the time of assumption of such office, it seems that there are many injustices to creditors and others that might result if Rule 13.01 were to be given the application which defendant requests in this case."

We are impressed with defendant's argument on the issues he raises. His brief points out that Rule 13.01 is virtually identical to Rule 13(a) of the Federal Rules of Civil Procedure; that it is designed to avoid unnecessary litigation by requiring that all of the specified claims be asserted in a single action; and that such claims, if not asserted, cannot be asserted in a subsequent independent action. He then supports his theory that the claim

of the receiver in the instant case was a compulsory claim by citing Federal bankruptcy cases and, in particular, relies on In re Seatrade Corp. (S. D. N. Y.) 297 F. Supp. 577. In Seatrade, the issue was whether or not the bankruptcy court had summary jurisdiction over a counterclaim against a claimant. That court did not directly decide the question presented to this court, but did say (297 F. Supp. 581):

"In the final analysis this court sees no good reason why summary jurisdiction should not lie regardless of whether the counterclaim is compulsory or permissible. Insofar as this case involves a compulsory counterclaim and the law is reasonably clear as to a compulsory counterclaim there is no need to belabor the latter proposition.

"This court holds that by filing a proof of claim a claimant consents to summary jurisdiction of the bankruptcy court for all compulsory counterclaims, be they relevant to voidable preferences or any other matter."

We are persuaded, however, that, for the reasons we have previously given and those of the court below, the denial of defendant's motion for summary judgment should be affirmed.

Plaintiff here contends that the trial court erred in refusing to grant summary judgment in his suit for the recovery of the withdrawals by defendant which plaintiff claims constituted a preference. The basis for his claim is that the finding to that effect in the prior proceeding in which defendant's claim for loans was denied was determinative of the issue of the nature of the withdrawals and defendant is now estopped from contesting that such withdrawals were preferences illegally received while the corporation was insolvent.

We find no merit in plaintiff's argument. The issues were framed in the prior proceeding by a claim and an objection thereto, and there is nothing in the record to indicate that these documents presented an issue as to any preference or that such issue was presented to the court in the prior proceeding by consent or otherwise. The issues in the prior proceeding are not

identical to the issues in the instant case nor was the finding on which plaintiff now relies necessary to the decision of the issues therein. It follows that there can be no estoppel. Anderson v. Mikel Drilling Co. 257 Minn. 487, 102 N. W. (2d) 293.

We conclude that the questions raised by the motions for summary judgment were correctly decided by the trial court, and the order denying summary judgment to either party is affirmed.

Costs and disbursements are disallowed both parties.

Affirmed.